UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KICIA GRACE,

      Plaintiff,

-against-

JOHNSON & JOHNSON, ORTHO-McNEIL
PHARMACEUTICAL, INC., JOHNSON &
JOHNSON PHARMACEUTICAL
RESEARCH & DEVELOPMENT L.L.C.;
DESIREE A. CLARK, M.D. and WEST CARE
MEDICAL ASSOCIATES,

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

07 CV 4081

JUDGE BATTS

Case No. _____

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that defendants Johnson & Johnson (incorrectly sued herein as "Johnson & Johnson, Inc."), Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil") and Johnson & Johnson Pharmaceutical Research & Development LLC ("J&JPRD") (collectively, "Defendants") hereby remove this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York and respectfully state to this Court the following:

1. This action involves allegations regarding the prescription contraceptive drug Ortho Evra®. On March 1, 2006, the Judicial Panel on Multidistrict Litigation issued an order transferring Ortho Evra® products liability cases to the United States District Court for the Northern District of Ohio (Katz, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. Defendants intend to seek the transfer of this action to that Multidistrict Litigation, *In re Ortho Evra Products Liability Litigation*, MDL No. 1742, and will shortly provide to the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2. Plaintiff Kicia Grace ("Plaintiff") filed this civil action against Defendants in the

Supreme Court of the State of New York, New York County, bearing Index Number 07-105430 on April 23, 2007. Defendants were served with the complaint on May 9, 2007. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

3. Plaintiff asserts a claim for damages allegedly arising out of her use of the prescription contraceptive patch, Ortho Evra®. Plaintiff alleges to have suffered a "pulmonary embolism on or about May 13, 2004." (See Ex. A, Complaint, ¶ 19.) Plaintiff's claims against Defendants are based on theories of negligence, strict liability, fraud and breach of warranties. Plaintiff demands damages of $10 million for each claim. (See Ex. A, Complaint, ¶¶ 113, 138, 150, 162, 175, 188, 196, 221.) Plaintiff also asserts claims for medical malpractice against defendants Desiree A. Clarke, M.D. and West Care Medical Associates. (See Ex. A., Complaint, ¶¶ 78-100.)

4. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Defendants have (1) satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5. Plaintiff's Complaint ("Complaint") was filed on April 23, 2007. Defendants were served with the Complaint on May 9, 2007. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441. Venue is proper in this Court pursuant to 28 U.S.C. § 89 (c) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

6.  All properly joined Defendants consent to this removal.[1]

7.  No previous application has been made for the relief requested herein.

8.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Supreme Court of the State of New York, New York County.

## II.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

### A.  Complete Diversity Of Citizenship Between Properly Joined Parties

10. There is complete diversity between Plaintiff, a citizen of New York, and J&J, Ortho-McNeil, and J&JPRD., the only properly joined parties to this action.

11. Upon information and belief, Plaintiff is and was at the time she commenced this action a citizen of the State of New York.[2]

12. Johnson & Johnson is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey, with its principal place of business in New Brunswick, New Jersey and, therefore, is a citizen of New Jersey for purposes determining diversity.  28 U.S.C. § 1332(c)(1).

---

[1] Because defendants Desiree A. Clarke, M.D. and West Care Medical Associates are fraudulently joined under New York State law, *Negrin v. Alza Corporation*, 98 Civ. 4772 (DAB), 1999 U.S. Dist. LEXIS 3006, *8-*9 (S.D.N.Y. March 17, 1999) citing *Bichler v. Willing*, 58 A.D.2d 331, 333-334 (N.Y. App. Div. 1st Dep't 1977), their consent to removal is unnecessary.  See *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993).

[2] Plaintiff alleges in the summons that she currently resides at 85 Columbia Street, New York, New York. Accordingly, Plaintiff is domiciled in New York and, she is a citizen of that State.  See 28 U.S.C. § 1332(a); see also *Linardos v. Fortuna*, 157 F.3d 945, 946 (2d Cir. 1998) ("[f]or purposes of diversity jurisdiction, a party's citizenship depends on her domicile.").

13.  Ortho-McNeil Pharmaceutical, Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware, with its principal place of business in Raritan, New Jersey and, therefore, is a citizen of Delaware and New Jersey for purposes determining diversity.  28 U.S.C. § 1332(c)(1).

14.  Johnson & Johnson Pharmaceutical Research & Development, LLC is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business in Raritan, New Jersey, and, therefore, is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

15.  For the reasons set forth below, the other named defendants -- Desiree A. Clarke, M.D. and West Care Medical Associates ("Malpractice Defendants") -- are fraudulently joined. Therefore, their citizenship must be ignored for the purpose of determining the propriety of removal.  *See, e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359-1360 (11th Cir. 1996) *abrogated on other grounds*.  A defendant is fraudulently joined when "there is no possibility, based on the pleadings, that plaintiff can state a cause of action against the non-diverse defendant in state court."  *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).  Courts have interpreted this language to mean that a "reasonable basis" must exist for a plaintiff's claim against a non-diverse party.  *In Re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 280 n. 4 (S.D.N.Y. 2001).  The Malpractice Defendants are fraudulently joined because, as demonstrated below, no reasonable basis exists for Plaintiff's claim against them.

16.  Plaintiff asserts malpractice claims against the Malpractice Defendants due to their alleged "failure to properly advise Plaintiff regarding birth control methods and/or options, and accordingly; including the prescription, recommendation, and/or dispensing of the Orth (sp) Evra Birth Control Patch to Plaintiff . . . ."  (See Exhibit A, Complaint, ¶ 84; see also id. ¶ 17.)

According to Plaintiff, this malpractice caused her to suffer "serious and permanent personal injuries" (Complaint, ¶ 87), presumably as a result of the pulmonary embolism Plaintiff suffered on May 13, 2004. Plaintiff also alleges that she visited the Malpractice Defendants for "regular check-ups" through and including February, 2005. Id. ¶ 84.

17.   Because the statute of limitations bars Plaintiff's claims against the Malpractice Defendants, there is no reasonable basis for predicting that Plaintiff could prevail on her asserted claims against them, and these defendants were therefore fraudulently joined.

18.   Under the New York Civil Practice Law and Rules, the statute of limitations for an action based on medical malpractice is 2 years and 6 months from "the act, omission or failure complained of...." N.Y. C.P.L.R. § 214-a (McKinney 2007). "[T]he cause of action accrues on the date when the alleged *original* negligent act or omission occurred." Young v. New York City Health & Hospitals Corp., 91 N.Y.2d 291, 295, 693 N.E.2d 196, 199, 670 N.Y.S.2d 169, 172 (1998) (emphasis added). Here, Plaintiff asserts that Malpractice Defendants committed malpractice by prescribing Ortho Evra® sometime before Plaintiff suffered her May 13, 2004 pulmonary embolism. Even assuming that this malpractice occurred on May 13, 2004, Plaintiff would have had to have filed this action no later than November 13, 2006 – two and a half years after the malpractice. Because Plaintiff did not file the instant action until April 2007, the claims against the Malpractice Defendants are time-barred.

19.   Plaintiff cannot defeat removal by arguing that she was under the "continuous treatment" of the Malpractice Defendants until February 2005, thus tolling the statute of limitations. The New York Court of Appeals has held that routine medical care with a physician does not amount to continuous treatment. See Young v. New York City Health, 91 N.Y.2d 291, 295, 693 N.E.2d 196, 199, 670 N.Y.S.2d 169, 172 (1998) ("A patient's continuing general

relationship with a physician, or routine, periodic health examinations will not satisfy the doctrine's requirement of continuous treatment of the condition upon which the allegations of medical malpractice are predicated" and "[P]laintiff's periodic visits to the clinic for treatment of unrelated health conditions do not establish a course of treatment…"); Nykorchuk v. Henriques, 78 N.Y.2d 255, 258, 577 N.E.2d 1026, 1028, 573 N.Y.S.2d 434, 436 (1991) ("We have held that neither the mere continuing relation between physician and patient nor the continuing nature of a diagnosis is sufficient to satisfy the requirements of the doctrine") (internal quotations omitted).

20. The New York Court of appeals addressed the doctrine of continuous treatment in Massie v. Crawford, 78 N.Y.2d 516, 520, 583 N.E.2d 935, 937-38, 577 N.Y.S.2d 223, 225 (1991). In Massie, the plaintiff alleged malpractice where her physician inserted an intrauterine device ("IUD") in 1969, thereafter conducted routine examinations of the plaintiff, including treating unrelated conditions, and finally diagnosed the plaintiff with pelvic inflammatory disease in January 1984. The plaintiff ultimately required a hysterectomy and brought suit in 1985. In its order granting summary judgment for the defendant, the Court stated:

> The single procedure defendant performed for plaintiff was the insertion of the IUD; her subsequent visits to him were for routine gynecological examinations, not therapy to correct a medical condition. Consequently, these visits may not serve as a basis for applying the continuous treatment exception because plaintiff could have interrupted the services and switched physicians at any time without jeopardizing her health.

Massie v. Crawford, 78 N.Y.2d at 520, 583 N.E.2d 935 at 938, 577 N.Y.S.2d at 225.

21. In the same way here, Plaintiff's visits to the Malpractice Defendants between the initial prescription for Ortho Evra® in February 2004 and her the pulmonary embolism on May 13, 2004, as well as her treatment after the pulmonary embolism, were for routine checkups and not continuous treatment to correct a medical condition. Accordingly, Plaintiff's claims were not tolled and are time-barred.

22. Because Plaintiff's claims against the non-diverse Malpractice Defendants are time-barred, these defendants were fraudulently joined, and removal of the action is therefore proper. See Sanchez v. Univ. of Pa. Museum of Archaeology and Anthropology, No. 04 Civ. 1253(JSR), 2004 WL 1621184 (S.D.N.Y. July 20, 2004) (denying motion for remand where claims against non-diverse defendant were barred by the statute of limitations).

B. **The Amount In Controversy Requirement Is Satisfied.**

23. The Complaint alleges that Plaintiff suffered personal injuries due to her use of the Ortho Evra® patch, including a "pulmonary embolism" requiring "lifelong medical treatment." (See Ex. A., Complaint ¶¶ 13, 19). Plaintiff demands $10 million in damages for each claim asserted. (Id. ¶¶ 113, 138, 150, 162, 175, 188, 196, 221.) Accordingly, there is no genuine issue that the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendants respectfully remove this action from the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1441.

Dated: New York, New York.
May 25, 2007

Respectfully submitted,

DECHERT LLP

By: _____
Robert W. Sparks (RS 4250)
Debra D. O'Gorman (DO 1643)
Patrick G. Broderick (PB 9556)

30 Rockefeller Plaza
New York, NY 10112-2200
(212) 698-3500

Attorneys for Defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research & Development LLC