EXHIBIT 2

Westlaw.

Not Reported in F.Supp.2d                                                                                   Page 1

Not Reported in F.Supp.2d, 1999 WL 144507 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Negrin v. Alza Corp.
S.D.N.Y.,1999.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Lon NEGRIN, Plaintiff,
v.
ALZA CORPORATION, Marion Merrell Dow Inc., and Duane Reade Corp., Defendants.
No. 98 CIV. 4772 DAB.

March 17, 1999.

MEMORANDUM & ORDER

BATTS, District J.

*1 Plaintiff sued Defendants on claims of negligence, strict products liability and breach of warranty for personal injuries allegedly sustained as a result of Plaintiff's use of the product "Nicoderm," a transdermal nicotine patch. Defendants removed to federal court, on the basis of diversity jurisdiction, alleging fraudulent joinder of the non-diverse party, Defendant Duane Reade Corporation ("Duane Reade"). Plaintiff has moved to remand, and Defendants have opposed the motion.

For the reasons set forth below, the Court hereby denies Plaintiff's motion.

I. BACKGROUND

Plaintiff claims to have suffered injury on or about August 11, 1995, from his use of the "Nicoderm" product, a nicotine transdermal patch, manufactured by Defendants Alza Corporation and Marion Merrell Dow, Inc. (hereafter "Defendant Manufacturers"). (*See generally* Compl.) Plaintiff commenced this action on April 22, 1998, by filing a Summons with Notice in the Supreme Court of New York County. (Pl.'s Affid. ¶ 4.) Plaintiff then served the Summons with Notice on Defendant Alza Corporation on May 11, 1998, on Defendant Marion Merrell Dow on April 28, 1998, and on Defendant Duane Reade on April 27, 1998. (*Id.* ¶ 5.) The Summons with Notice provided the names and addresses of all three Defendants, and identified the nature of the action as follows:

Action to recover $5 million for personal injuries sustained on August 11, 1995 due to defendants' negligence, breach of warranties and strict tort liability arising out of use of their product NICODERM.

(Pl's Ex. A.) All three Defendants had filed notices of appearance and demands for the Complaint by May 28, 1998. (Pl's Affid. ¶ 6.)

Plaintiff served the Complaint on all Defendants on June 9, 1998. (*Id.* ¶ 7.) Defendant Duane Reade filed an answer in state court on June 29, 1998. (*Id.* ¶ 8.) On July 7, 1998, Defendant Manufacturers filed a notice of removal with this Court. (*Id.* ¶ 9.)

The Defendant Manufacturers are both foreign corporations. (*See* Notice of Removal, Defs. Ex. F, ¶¶ 8-9.) Defendant Duane Reade is a Delaware corporation with its principal place of business in New York. (*Id.* ¶ 11.) Plaintiff is a resident of New York. (Compl. ¶ 1.)

II. DISCUSSION

It is well settled that removal statutes are strictly construed, and defendant bears the burden of proving that diversity jurisdiction exists. *See DiMeglio v. Italia Crociere Internazionale,* 502 F.Supp. 316, 317 (S.D.N.Y.1980); *Sonnenblick-Goldman Co. v. ITT Corp.,* 912 F.Supp. 85, 88 (S.D.N.Y.1996). It is not disputed that with Duane Reade as a defendant, diversity does not exist as both Plaintiff and Duane Reade are citizens of New York, and therefore, removal to federal court would be improper. *See Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 460, n. 2 (2d

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                  Page 2
Not Reported in F.Supp.2d, 1999 WL 144507 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Cir.1998)(corporation's principal place of business considered for diversity purposes).[FN1] In their Notice of Removal, Defendant Manufacturers assert that diversity jurisdiction is proper with this Court, notwithstanding the presence of Duane Reade, on the doctrine of fraudulent joinder. See Notice of Removal, Defs. Ex. F, ¶¶ 18-22. Defendant Manufacturers argue that no cause of action may be maintained under New York law against a retail pharmacy for filling a physician's prescription, and therefore Defendant Duane Reade has been fraudulently joined to defeat diversity. Further, Defendants assert that the Notice is timely as it was filed within thirty days after service of the Complaint, the first pleading from which they could ascertain that removal would be proper. (Id. ¶ 23.)

FN1. Since both Plaintiff and one Defendant would be citizens of New York for diversity purposes, the complete diversity mandated by § 1332 is not met. See 28 U.S.C. § 1332(a)(1). The Court notes that the minimum amount in controversy has been met, however, by Plaintiff's request for five million dollars in relief. See Compl. ¶ 58.

*2 Plaintiff moves to remand this action on the grounds that the notice of removal was filed more than thirty days after their receipt of the Summons with Notice, thereby violating the provisions of 28 U.S.C. § 1446(b). See Pl.'s Mem. Law at 3. Defendants argue in opposition that removal was timely because it was filed within thirty days after receipt of the Complaint, which Defendants assert was the first pleading from which they could ascertain that removal would be proper, based on the doctrine of fraudulent joinder. See Defs.' Mem. Law at 3-7.

Section 1446(b) states that a notice of removal shall be filed within thirty days after receipt of the "initial pleading." See 28 U.S.C. § 1446(b). The same section continues, in pertinent part:
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant [...] of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable [...].

Id. Whether a document constitutes an "initial pleading" under this section depends upon whether it enables the defendant to "intelligently ascertain" removability from its face. Richstone, M.D. v. Chubb Colonial Life Ins., 988 F.Supp. 401, 402-3 (S.D.N.Y.1997). See also Colon v. Nat'l Car Rental, No. 92 Civ. 8503, 1993 WL 227596, *1 (S.D.N.Y., June 21, 1993) (applying same standard to a summons with notice).

The timeliness of the removal petition is interwoven with the validity of Defendants' claim that Defendant Duane Reade was fraudulently joined.[FN2] First, the timeliness of the notice hinges upon when Defendants were first able to ascertain this basis for removal. Moreover, there is authority to suggest that the time limits of Section 1444(b) may be relinquished if the joinder of the non-diverse defendant is found to be fraudulent. See Costa v. Port Authority of New York, No. 95 Civ. 4749, 1996 WL 143908, *3 (S.D.N.Y. Mar. 29, 1996)(in the instance of fraudulent joinder, defendants are not bound by thirty day time limit of § 1446); Nosonowitz v. Allegheny Beverage Corp., 463 F.Supp. 162, 163 (S.D.N.Y.1978)(same). See also Beasley v. Goodyear Tire and Rubber Co., 835 F.Supp. 269, 273 (D.S.C.1993)(petition to remove must only be made within a "reasonable" time after learning of a sham defendant); 14A Wright, Miller & Cooper § 3732, p. 530 ("the time limits [of § 1446(b) ] will be ignored when removal is sought on the ground that some defendants have been fraudulently joined to prevent removal").

FN2. The Court strongly disagrees, therefore, with Plaintiff's assertion that New York law regarding products liability and fraud is irrelevant to this motion. See Pl.'s Reply Affid. ¶ 8. Rather, the viability of Plaintiff's claims against Defendant Duane Reade goes to the heart of the question of diversity jurisdiction, under the doctrine of fraudulent joinder.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 3
Not Reported in F.Supp.2d, 1999 WL 144507 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Accordingly, the Court will first consider Defendants' claim of fraudulent joinder.

### A. Fraudulent Joinder

"A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia,* 138 F.3d at 460-61. A showing of "fraudulent joinder" is made when the defendant establishes by clear and convincing evidence, "either that there has been outright fraud committed in plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.*

*3 Defendants have made no allegations of fraud in the pleadings in this matter. Therefore, the Court turns to examine whether there is any possibility that Plaintiff could sustain a claim against Defendant Duane Reade in New York state court. In considering this issue, the Court shall rely on the Plaintiff's pleadings, which control. *See Rosenberg v. Carnival Cruise Lines,* No. 83 Civ. 6985, 1984 WL 535, *1 (S.D.N.Y. June 27, 1984).

In *Bichler v. Willing,* 397 N.Y.S.2d 57 (N.Y.App. Div. 1st Dep't 1977), the Appellate Division dismissed claims of negligence, breach of warranty and strict products liability against a pharmacist who sold a prescription drug to the plaintiff. The court found no basis in law for liability under theories of negligence or breach of warranty where there were no allegations that the pharmacist altered the product in any way, or had proffered any oral or written warranty as to its safety or side effects. *Id.* at 333-334. Moreover, the court held that retail druggists dispensing prescription drugs were not liable under strict products liability. *Id.* at 334. The *Bichler* court cited to the following passage from the Restatement 2d, Torts regarding drugs available only through a physician's prescription:

The seller of such products, again with the qualification that they are properly prepared and marketed, and proper warning is given where the situation calls for it, is not to be held to strict liability for unfortunate consequences attending their use, merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk.

*Id.* at 334 (citing Comment k, Restatement 2d, Torts, § 402A).

The Court has discovered only two subsequent cases addressing this precise issue, and both support the holding of *Bichler*.[FN3] In *Ullman v. Grant,* 450 N.Y.S.2d 955 (N.Y.Sup.Ct.1982), the court granted summary judgment for a pharmacist who filled a prescription with a substituted drug as permitted by the prescribing physician, finding no liability under negligence, breach of express or implied warranty, or strict products liability. *Id.* at 956-57. Citing *Bichler,* the court stated that "a pharmacist is not negligent unless he knowingly dispenses a drug that is inferior or defective." *Id.* at 956. Further, the court stated that it is the duty of the manufacturer, not the pharmacist, to warn the plaintiff of possible side effects in the use of a prescription drug. *Id.* Finally, the court found that the prescription drug supplied to the plaintiff was not within the scope of strict products liability. *Id.* at 957.

   FN3. Plaintiff's submissions on this Motion are not illuminating on this point. Plaintiff merely asserts that "although defendants do cite a 1977 case that stands for the notion that a pharmacy cannot be held liable for products liability if they merely dispense a drug, there are many exceptions, and the issue has not been ruled on by the New York State Court of Appeals." Pl.'s Affid. ¶ 14. Plaintiff fails to point out any of these "exceptions." Nor does Plaintiff indicate how the ruling of the Appellate Division in *Bichler* has been undermined, or should not be followed.

Furthermore, in *Hand v. Krakowski,* 453 N.Y.S.2d 121, 123 (N.Y.App. Div.3d Dep't 1982), the Appellate Division refers to the *Bichler* decision as good law. In *Hand,* the court denied summary judgment to a defendant pharmacist on a negligence

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-04081-DAB    Document 7-3    Filed 07/09/2007    Page 5 of 7

Not Reported in F.Supp.2d                                                                 Page 4
Not Reported in F.Supp.2d, 1999 WL 144507 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

claim, where the pharmacist who had dispensed prescribed, psychotropic drugs knew that the plaintiff was an alcoholic, and he knew, or should have known, that such drugs were contraindicated with alcohol use and therefore should never have been prescribed or dispensed. *Id.* at 123. The court distinguished *Bichler* on the facts, finding that where the dispensing druggist had additional information as to the plaintiff's condition, a trier of fact may conclude that he or she had a duty to warn the consumer, and/or to inquire of the prescribing physician if such drugs were appropriate. *Id. See also Javitz v. Slatus,* 461 N.Y.S.2d 44, 45-46 (N.Y.App. Div.2d Dep't 1983) (granting summary judgment to defendant pharmacist on claims of negligence and breach of warranty based on failure to warn plaintiff of side effects of a prescription medication, where sole issue of fact was whether pharmacist had verified telephoned prescription by dentist as mandated by statute); *Singer v. Oken,* 87 N.Y.S.2d 686, 687 (N.Y.C.Ct.1949) (druggist not negligent for selling drug where no basis to consider it dangerous to majority of users); *Lautren v. Bolton Drug Co.,* 93 N.Y.S. 1035, 1036-37 (N.Y.Sup.Ct.1905)(no negligence on part of pharmacist where prescription, although inaccurate, was intelligently read and filled).

*4 As in *Hand*, other cases that have held a pharmacist liable in negligence for injuries sustained by a consumer of the drug, have facts that reveal that the pharmacist breached his or her duty of care to exercise "the highest practicable degree of prudence, thoughtfulness and vigilance and the most exact and reliable safeguards consistent with the reasonable conduct of the business." *Willson v. Faxon, Williams, & Faxon,* 208 N.Y. 108, 114, 101 N.E. 799, 801 (N.Y.1913). Where plaintiff shows injury as a result of the pharmacist's breach of that duty, liability follows. *See Drennon v. Faris Pharmacy, Inc.,* 602 N.Y.S.2d 473, 473 (N.Y.App. Div. 4th Dep't 1993)(plaintiff made a sufficient showing in complaint of negligence in stating that defendant pharmacist had switched labels on two medications, resulting in a three week delay in plaintiff's antibiotic treatment and resulting deterioration of symptoms); *France v. State of New York,* 506 N.Y.S.2d 254, 255 (N.Y. Ct. Cl.1986) (prison pharmacist liable in negligence when he failed to fill inmate's prescription for one month, without explanation). *See also 882 East 180th Street Drug Corp. v. New York State Educ. Dep't,* 596 N.Y.S.2d 193, 194 (N.Y.App. Div.3d Dep't 1993)(upholding administrative revocation of license based on finding of gross negligence on the part of pharmacy who held large quantities of misbranded drugs and sample drugs for resale); *Bikowicz v. Sterling Drug, Inc.,* 557 N.Y.S.2d 551, 554 (N.Y.App. Div.3d Dep't 1990) (discussing wrongdoing of pharmacy in refilling prescriptions in larger amounts as warranting a jury charge on superseding cause of manufacturer's alleged negligence); *Jacobs v. New York State Educ. Dep't,* 477 N.Y.S.2d 895, 897 (N.Y.App. Div.3d Dep't 1984)(upholding administrative revocation of license based on finding of gross negligence where pharmacist had, *inter alia,* dispensed Quaalude and other prescription medication without prescription, with forged prescriptions, and with incomplete prescriptions).

Plaintiff appears to assert, without citations to caselaw, that the *Bichler* case should not be followed, and further points out that the Court of Appeals has not addressed this issue. *See* Pl.'s Reply Affid. ¶ 8. However, "in the absence of a Court of Appeals' decision squarely on point or an indication that the Court of Appeals is likely to disagree with the holdings of the Appellate Division, those holdings are entitled to 'persuasive, if not decisive, consideration' " by a federal court sitting in diversity. *Sphere Drake Ins. v. P.B.L. Entertainment, Inc.,* 30 F.3d 21, 22-23 (2d Cir.1994), vacated on other grounds, 52 F.3d 22 (2d Cir.1995). *Accord Keenan v. Jones,* 990 F.Supp. 219, 221 (W.D.N.Y.1998); *Kline v. E.I. DuPont De Nemours & Co., Inc.,* 15 F.Supp.2d 299, 307 (W.D.N.Y.1998). From the holdings of at least two Appellate Division and the trial courts cited above, the Court finds ample grounds to assess the potential liability of Duane Reade under New York law.

*5 In the instant case, the Complaint alleges that the Defendant Manufacturers made the "Nicoderm" patches, and the directions for their use. *See* Compl. ¶¶ 15-16. The Complaint states that the "Nicoderm" patches and directions "were purchased

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 5
Not Reported in F.Supp.2d, 1999 WL 144507 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

new from the defendant, Duane Reade and were in defective condition at that time." See Compl. ¶ 19. Defendants have submitted uncontradicted evidence that the "Nicoderm" patch was a prescription drug at the time in question. See Defs.' Ex. B. See *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y.1984)(relying on uncontradicted affidavits submitted by defendants to show fraudulent joinder); *Nosonowitz,* 463 F.Supp. at 163 (same). There are no allegations in the Complaint that the patch was dispensed without such a prescription, or that the prescription was incorrectly filled. Indeed, there are no further factual allegations regarding specific actions taken by Duane Reade. Rather, the remainder of the Complaint alleges that "defendants" engaged in the same conduct.[FN4] However, under New York law, it is clear that a pharmacist is not liable to the same manner or degree as the manufacturer of the drug. The Complaint is devoid of any allegations that Duane Reade did anything other that correctly fill a prescription, and dispense the product as packaged by Defendant Manufacturers. Absent some further allegations, the Court agrees with Defendants that there is no basis under New York law to hold Duane Reade liable on theories of negligence, breach of warranty, or strict liability. See *Pampillonia,* 138 F.3d at 461 (finding fraudulent joinder where pleadings failed to assert any factual basis to support claims against particular defendant).

FN4. For instance, on the negligence claim, the Complaint alleges that " defendants knew or should have known, that the patches and directions were dangerous and harmful." *Id.* ¶ 23. On the breach of warranty claim, the Complaint states that "defendants in order to promote and induce the purchase and use of their products, expressly warranted to the public ... that consumers could safely use the patches and their directions," and " defendants implied and represented that the patches and their directions were safe," but that these representations "false, misleading and inaccurate." *Id.* ¶¶ 35, 37, 40, 42. Lastly, on the claim of strict products liability, the Complaint states that

"defendants are engaged in the business of designing, manufacturing and selling the patches and their directions," and that " defendants sold the product in a defective, unreasonably dangerous condition to the plaintiff." *Id.* ¶¶ 48, 56.

Accordingly, since there is no possibility, based on the pleadings, that Plaintiff can state a cause of action in negligence, breach of warranty, or strict liability against Defendant Duane Reade in state court, Defendant Duane Reade is hereby dismissed from this action. As a result, complete diversity exists between the parties and the requirements of diversity jurisdiction have been met. See 28 U.S.C. § 1332(a)(1); Compl. at ¶ 59 (asking for relief of five million dollars).

B. Timeliness

The Court now turns to Plaintiff's allegations that the notice of removal was improper because untimely under Section 1446(b).

The Court agrees with Defendants that the Summons with Notice is insufficient to determine that the case was removable due to the fraudulent joinder of Defendant Duane Reade. While it is true that the Summons with Notice identified Duane Reade, and it would be reasonable for Defendants to ascertain at that time that Duane Reade was a retail pharmacy who sold the "Nicoderm" patch, these facts alone do not establish that no cause of action may be maintained against Duane Reade. See Pl.'s Mem. Law at 7; Defs.' Affid. ¶ 12. To the contrary, as discussed above, there are instances where at least a negligence claim could lie. As Defendants persuasively argue, until Plaintiff set forth more specific allegations against the three Defendants in the Complaint, Defendants were not able to discern whether the facts alleged in the pleadings supported such a claim.

*6 Defendants filed their Notice of Removal within 28 days of their receipt of the Complaint. The Notice was therefore filed thirty days of receipt of " a document from the face of which a defendant can ' intelligently ascertain removability." ' See

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 6
Not Reported in F.Supp.2d, 1999 WL 144507 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

*Richstone*, 988 F.Supp. at 403. Moreover, the Court finds that this period of time which elapsed from the first point Defendants could determine the applicability of fraudulent joinder to their filing of the Notice of Removal was reasonable. *Cf. Beasley*, 835 F.Supp. at 273 (waiting six months from receiving conclusive evidence of fraudulent joinder before seeking to remove was an unreasonable delay.) Accordingly, the Notice of Removal was timely filed.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Defendants have shown that based on the pleadings, Plaintiff has no possibility of a claim against Defendant Duane Reade, and therefore, removal based on the doctrine of fraudulent joinder was proper. Since the Complaint failed to set forth allegations upon which Defendant Duane Reade could be found liable under New York law for negligence, breach of warranty, or strict products liability, the claims against Defendant Duane Reade are hereby DISMISSED.

With the dismissal of the non-diverse Defendant in this matter, the Court now has diversity jurisdiction over Plaintiff's remaining claims. Plaintiff's Motion to Remand on the basis of untimeliness of the Notice of Removal is hereby DENIED.

The remaining parties in this action are to appear for a Rule 16 conference on Friday, April 30, 1999 at 10:00 a.m..

SO ORDERED.

S.D.N.Y.,1999.
Negrin v. Alza Corp.
Not Reported in F.Supp.2d, 1999 WL 144507 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.