UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KICIA GRACE

                              Plaintiff,

     -against-

JOHNSON & JOHNSON, INC., ORTHO-
MCNEIL PHARMACEUTICAL, INC., JOHNSON &
JOHNSON PHARMACEUTICAL RESEARCH &
DEVELOPMENT L.L.C; DESIREE A. CLARK, M.D.
and WEST CARE MEDICAL ASSOCIATES,

        Defendants.
-----------------------------------------------------------X

Case No. 07-CV-4081

Assigned to Honorable
Deborah Batts, U.S.D.J.

# PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
# PLAINTIFF'S MOTION TO REMAND

Douglas & London, P.C.
Attorneys for Plaintiff
111 John Street – 14th Floor
New York, NY 10038
(212) 566-7500

**On The Brief:**
**Michael London (ML-7510)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KICIA GRACE,                                                          Case No. 07-CV-4081

                              Plaintiff,

                                                                                                 **PLAINTIFF'S REPLY BRIEF**
-against-                                                                    **IN SUPPORT OF PLAINTIFF'S**
                                                                                                     **MOTION TO REMAND**

JOHNSON & JOHNSON, INC., ORTHO-
MCNEIL PHARMACEUTICAL, INC., JOHNSON &
JOHNSON PHARMACEUTICAL RESEARCH &
DEVELOPMENT L.L.C; DESIREE A. CLARK, M.D.
and WEST CARE MEDICAL ASSOCIATES,

                              Defendants.
-----------------------------------------------------------------X

## INTRODUCTION

     Johnson & Johnson, Inc., Ortho-McNeil Pharmaceutical, Inc., Johnson & Johnson Pharmaceutical Research & Development L.L.C. (hereinafter referred to as the "Removing Defendants") have completely failed to satisfy the heavy burden of proof set out by the Second Circuit in Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459 (2nd Cir. 1998), by failing to show by clear and convincing evidence that there is no possibility that Plaintiff has stated a cause of action against Desiree A. Clark, M.D. and West Care Medical Associates (hereinafter referred to as the "New York Defendants"). More specifically, defendants have failed to demonstrate that the "continuous treatment" exception, codified in NY CPLR 214-a, does not apply to the case at bar.

     Plaintiff alleged in her complaint that she sought continuous treatment from the New York Defendants until on or about February 12, 2005, and her medical records clearly demonstrate that the purpose of her February 12, 2005 visit was for, among other things, the purpose of discussion and treatment of her injury, a blood clot, that is

alleged to have been caused in part, and or more specifically misdiagnosed and improperly treated, by the New York defendants' negligence. In light of the fact that Plaintiff sought continuous treatment with the New York Defendants until February 12, 2005, Plaintiff's action against the New York Defendants was timely filed.

## LEGAL ARGUMENT

### I. FRAUDULENT JOINDER

In order for the Removing Defendants to successfully remove this case to federal court on the grounds that Plaintiff has fraudulently joined the New York Defendants in an effort to defeat diversity of citizenship jurisdiction, they must demonstrate by clear and convincing evidence that there is **no possibility**, based on the pleadings, that Plaintiff can state a cause of action against the New York Defendants in state court. Pampillonia, 138 at 461. The Removing Defendants bear a heavy burden of establishing fraudulent joinder, and all factual and legal issues must be resolved in favor of Plaintiff. Id. In evaluating the existence of fraudulent joinder, the Court must determine whether the mere possibility exists that Plaintiff can establish any cause of action against the New York Defendants. Id.

The District Court for the Southern District of New York has had numerous opportunities to interpret the language "no possibility" set forth by the Second Circuit in Pampillonia. Unlike the Removing Defendants would have this Court believe, the "reasonable basis" standard applied in In Re Rezulin Products Liability Litigation, 133 F.Supp.2d 272, is not the only standard that this Court has applied in determining whether a party has been fraudulently joined. See In Re Consolidated Fen-Phen Cases,

2003 WL 2268440, at *3 (E.DN.Y. 2003) (noting that the District Court for the Southern District of New York has applied two different standards in interpreting the language "no possibility".)  In fact, the Court in Arsenault v. Congoleum Corp, 2002 WL 472256, at *5, n.4 (S.D.N.Y.), disagreed with the standard set forth by the Court in In Re Rezulin and held that the language "no possibility" means literally just that, "no possibility."  The Court in Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F.Supp.2d 177, 183 (S.D.N.Y. 2003) applied a "legally impossible" standard and held that "there need be only a possibility that a right to relief exists under the governing law to avoid a finding of fraudulent joinder."  The Court went even further in Nemazee v. Premier, Inc., 232 F.Supp.2d 172, 178 (S.D.N.Y. 2002) and held that "any possibility of recovery, even if slim, militates against a finding of fraudulent jonder." [1]

Whether the Court chooses to apply the stricter interpretations of the language "no possibility" set forth by the Court in Arsenault, Stan Winston and Nemazee, or the more lenient interpretation, set forth by the Court in In Re Rezulin, as demonstrated below, plaintiff's clearly have alleged a meritorious cause of action against the New York defendants, and, therefore, the New York defendants were not fraudulently joined by Plaintiff in an effort to defeat diversity of citizenship jurisdiction.

---

[1] Also misleading is the Removing Defendants' reference to the 1983 case of Accord American Mutual Liability Insurance Company v. Flintkote Co., 565 F.Supp. 843, 845 (S.D.N.Y. 1983), which noted that the test for fraudulent joinder has uniformly been based on the "reasonable basis" standard.  This case was decided before the 2nd Circuit decision of Pampillonia in which the court set the standard as "no possibility."  As such, it can no longer be said that the "reasonable basis" test is uniformly applied by the Courts.

## II. CONTINUOUS TREATMENT DOCTRINE

### A. Whether the continuous treatment exception is to be applied is a matter of fact that is best left to be determined by the appropriate fact finder.

NY CPLR 214-a provides for the "continuous treatment" exception to the general rule that actions for medical malpractice must be brought within 2 ½ years following the alleged malpractice. Under this exception, the 2 ½ year period is tolled in situations such as this one, where the injured party seeks continuous treatment for the same illness or injury which was the subject of the defendant's original act of negligence.

Removing Defendants' only argument in support of their allegation that the New York Defendants were fraudulently joined rests on their assertion that the statute of limitations on Plaintiff's claim against the New York Defendants has expired. As demonstrated below, this allegation is clearly wrong. It is Plaintiff's assertion that the statute of limitations on her cause of action against the New York Defendants will not expire until August 16, 2007, two-and-a-half years from the date Plaintiff last saw the New York Defendants for treatment of her injury which they negligently caused.

As previously argued in Plaintiff's Memorandum of Law in Support of her Motion to Remand, and conveniently not mentioned in the Removing Defendants' Opposition to Plaintiff's Motion, the determination of whether the "continuous treatment" exception applies is a matter of fact which should be left to the finder of fact. Blaier v. Cramer, 303 A.D.2d 301, 756 N.Y.S.2d 561 (1st Dept. 2003); Chulla v. DiStefano, 242 A.D.2d 657, 662 N.Y.S.2d 570 (2nd Dept. 1997). When triable issues of fact exist as to whether there is a continuous course of treatment by the defendant, summary judgment must be denied. Krzesniak v. New York University, 22 A.D.3d 378, 802 N.Y.S.2d 447 (1st Dept. 2005);

4

Dunning v. Brisson, 21 A.D.3d 271, 800 N.Y.S.2d 8 (1st Dept. 2005); Prinz-Schwartz v. Levitan, 17 A.D.3d 175, 796 N.Y.S.2d 36 (1st Dept. 2005).

Because Plaintiff's claim would survive a motion for summary judgment under New York law, and would thus make it to trial, it is clear that Plaintiff did not fraudulently join the New York Defendants in an effort to defeat diversity of citizenship jurisdiction. Therefore, defendants should not be allowed to remove this case to federal court.

B. **Pursuant to the continuous treatment exception codified in New York CPLR 214-a, Plaintiff's cause of action against New York Defendants had not expired at the time she filed suit against the New York Defendants, and, thus, Plaintiff has a meritorious cause of action against the New York Defendants.**

Plaintiff alleges that her blood clot, which manifested itself on May 11, 2004, was caused in part by the negligence and recklessness of the New York defendants in failing to properly interpret diagnostic tests, failing to properly advise Plaintiff regarding birth control methods given the contraindications to do so given her past medical history, and for continuously failing to adequately monitor, treat, and care for Plaintiff during the continuous treatment of Plaintiff. (See Exhibit D to Plaintiff's Motion to Remand, Plaintiff's Summons and Complaint, ¶ 84). Though her blood clot manifested itself on May 11, 2004, Plaintiff continued to see the New York defendants for treatment of her injury until February 12, 2005. As demonstrated by her medical records, her chief complaint when she visited the New York Defendants on February 12, 2005 was a blood clot that is alleged to have been caused by her use of the Ortho Evra Birth Control Patch. She sought advice and treatment, among other things, regarding her injury and the best

ways in which she could go about treating those injuries and preventing them from recurring in the future.

Unlike the Removing Defendants would have this Court believe, Massie v. Crawford, 78 N.Y.2d 516, 583 N.E.2d 935 (1991) is not dispositive on the issue of whether the "continuous treatment" exception is to be applied in the case at bar. Moreover, with the exception that both this case and Massie involved visits to a gynecologist, the facts of both cases are clearly distinguishable.

In Massie, 78 N.Y.2d at 518, the plaintiff's gynecologist implanted an intrauterine device (IUD) inside of plaintiff in 1969. Plaintiff continued to see the same gynecologist for routine checkups until 1984 when she was diagnosed with pelvic inflammatory disease (PID) which required a hysterectomy. Id. Plaintiff subsequently sued her gynecologist alleging that the PID was caused by the IUD and the gynecologist's negligence in providing follow-up care for the IUD. Id. The Court found that the "continuous treatment" exception did not apply in Massie because plaintiff's subsequent visits to her gynecologist were for routine gynecological examinations, not therapy to correct a medical condition. Id at 519.

In this case, unlike in Massie, plaintiff has proof, namely her medical records, which show that her visit to the New York defendants on February 12, 2005 was more than just a routine examination. The medical records on this particular date specifically state under the heading Chief Complaint: "status post DVT on patch...has factor 5 leidin gene mutation." It does not state under this same heading "patient is here for annual visit" as had been stated on previous records. Plaintiff specifically went back to the New York defendants following her injury to discuss, among other things, treatment of her

blood clot which is the subject of their negligence and, given her history, this would necessarily involve discussion about her prior use of hormonal contraception, and the indications for hormonal contraception of any kind, and presumably other issues relating to the formation of clots and the prevention of blood clots in the future.

Contrary to what the Removing Defendants assert in their Opposition Brief, Plaintiff is not limited to the allegations in her Complaint to establish that the "continuing treatment" exception applies in this case. In determining whether a possibility exists that plaintiff can state a cause of action against the non-diverse Defendants, courts can look beyond the pleadings to determine if the pleadings can state a cause of action. In Re Consolidated Fen-Phen Cases, 2003 WL 2268440, at *3 (noting Arsenault, 2002 WL 472256, at *6). The Court may look outside the pleadings to deposition testimony and other material submitted on the motion because the Second Circuit has previously held that "federal courts may look outside [the] pleadings to other evidence in the record. Arsenault, 2002 WL 472256, at *6 (quoting United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2nd Cir. 1994).

In light of the fact that the Court may look beyond the pleadings to determine whether a valid cause of action has been stated, Plaintiff's medical records may clearly be referenced in determining whether the "continuous treatment" exception applies in this case. Once these records are examined, it is clear that Plaintiff returned to the New York Defendants following her blood clot which is the subject of their negligence for treatment of the same injury.

The Removing Defendants would have this Court ignore the actual notes found in Plaintiff's medical records and would have this Court believe, that on the day of February 12, 2005, the New York Defendants inadvertently included the Plaintiff's medical history under the heading "Chief Complaint," and that, other than this brief reference to Plaintiff's medical history, there is nothing to suggest that Plaintiff was there to discuss her injury or treatment of that injury. The Removing Defendants have no foundation on which to make this assertion. If there is any example of "wishful speculation" in these pleadings, this is it. Plaintiff's medical records clearly list her injury, DVT, as her chief complaint during her visit to the New York Defendants on February 12, 2005. The records demonstrate that Plaintiff visited the New York Defendants in an effort to seek treatment of her underlying injury.

Even if, as Removing Defendants argue, the Plaintiff may only rely on the allegations set forth in her original Complaint to support her argument that the "continuous treatment" exception applies, Plaintiff has clearly set forth enough information in her Complaint to support this argument. In her Complaint, Plaintiff asserts that she became a patient of the New York Defendants in or about October 2002 and remained under the ***continuous care and treatment*** of the New York Defendants until on or about February 16, 2007. (See Exhibit D to Plaintiff's Motion to Remand, Plaintiff's Summons and Complaint, ¶¶ 37, 80). Plaintiff also asserts that the New York defendants continuously failed to adequately monitor, treat, and care for Plaintiff during the ***continuous treatment*** of Plaintiff despite numerous regular checkups through and including February 2005. (See Exhibit D to Plaintiff's Motion to Remand, Plaintiff's Summons and Complaint, ¶ 84).

8

Despite what the Removing Defendants would have this Court believe, the phrase "numerous regular checkups" refers to the office visits at which the Plaintiff visited the New York Defendants with regards to the continuing treatment of the injury caused by their malpractice. Defendants referenced the phrase "numerous regular checkups" in support of their argument that Plaintiff only visited the New York Defendants for routine gynecological visits, yet they conveniently neglected to put the phrase in its appropriate context. The plaintiff specifically asserts in her Complaint that the New York Defendants continuously failed to adequately monitor, treat, and care for Plaintiff during the ***continuous treatment*** of Plaintiff, despite numerous regular checkups through and including February 12, 2005. Plaintiff clearly alleged in her Complaint that she was continuously treated by the New York Defendants until on or about February 12, 2005 and, thus, Plaintiff has established a meritorious cause of action against the New York Defendants.

## CONCLUSION

In short, the facts as adduced from the Plaintiff's Complaint and medical records support the conclusion that Plaintiff did not join the New York Defendants in an effort to defeat diversity of citizenship jurisdiction. Plaintiff has a meritorious cause of action against the New York Defendants which was filed timely in the New York State Supreme Court, County of New York. Plaintiff, Kicia Grace, respectfully requests that this Court issue an Order remanding the above-captioned matter back to the State Court of New York, County of New York, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 16, 2007

                                      DOUGLAS AND LONDON, P.C.

                                  By: _____
                                        Michael A. London (ML-7510)
                                        *Attorneys for Plaintiff*
                                        111 John Street, 14th Floor
                                        New York, New York 10038
                                        (212) 566-7500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KICIA GRACE                                              Case No. 07-CV-4081

                           Plaintiff,

      -against-

JOHNSON & JOHNSON, INC., ORTHO-
MCNEIL PHARMACEUTICAL, INC., JOHNSON &
JOHNSON PHARMACEUTICAL RESEARCH &
DEVELOPMENT L.L.C; DESIREE A. CLARK, M.D.
and WEST CARE MEDICAL ASSOCIATES,

                     Defendants.
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

     I hereby certify that I caused to be served a true and correct copy of the Plaintiff's Reply Brief in Support of Plaintiff's Motion to Remand on July 16, 2007, via electronic filing, upon all parties so registered, and via Regular Mail, upon each of the defendants at the address below:

TO:    Robert W. Sparks
         Debra D. O'Gorman
         Patrick G. Broderick
         DECHERT L.L.P.
         30 Rockefeller Plaza
         New York, New York 10012
         *Attorneys for Defendants Johnson & Johnson, Johnson & Johnson*
         *Pharmaceutical Research and Development, L.L.C., and Ortho-McNeil*
         *Pharmaceutical, Inc.*

         Desiree A. Clarke, M.D
         c/o West Care Medical Associates
         327 Central Park West
         New York, New York 10025

         West Care Medical Associates
         327 Central Park West
         New York, New York 10025

                                                      _____
                                                      Michael A. London (ML-7510)